UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ELIJAH SANFORD,

                Plaintiff,

                                            MEMORANDUM AND ORDER
   -against-                            07-CV-3946 (JS)

EDWARD REILLY, SHERIFF,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:       Elijah Sanford, Pro Se
                     71955-053
                     FDC Philadelphia
                     Federal Detention Center
                     P.O. Box 562
                     Philadelphia, Pennsylvania 19106

For Defendants:     No Appearance

SEYBERT, District Judge:

      Pending before the Court is the Complaint of pro se Plaintiff Elijah Sanford ("Plaintiff") brought pursuant to 42 U.S.C. § 1983, accompanied by an application to proceed in forma pauperis. For the reasons set forth below, the application to proceed in forma pauperis is GRANTED and the Complaint is DISMISSED with leave to amend.

## BACKGROUND

      Plaintiff alleges that on several occasions between April 15, 2007 and August 21, 2007, he was threatened with physical violence by other inmates or their associates at the Nassau County Correctional Facility, and that as a result of their threats, he became afraid to leave his cell or to attend Muslim services. Plaintiff further claims that he notified several prison officials,

but that they were unable to assist him.

Plaintiff seeks, <u>inter alia</u>, $1,000,000.00 in monetary damages.

## DISCUSSION

A. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of his application to proceed <u>in forma pauperis</u>, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED.

B. <u>Application Of The Prisoner Litigation Reform Act</u>

The 1996 Prisoner Litigation Reform Act, 28 U.S.C. § 1915, requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i-iii). The Court is required to dismiss the action as soon as it makes such a determination. <u>See id.</u>

It is well settled that the Court is required to read Plaintiff's <u>pro se</u> Complaint liberally. <u>See</u> <u>Hughes v. Rowe</u>, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Moreover, at this stage of the proceedings, the Court

assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10. Nevertheless, the Court finds that Plaintiff's Complaint must be dismissed because of a "failure to state a claim upon which relief can be granted." See FED. R. CIV. P. 12(b)(6).

1. <u>42 U.S.C. Section 1983</u>

Section 1983 provides

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. Thus, to state a claim under Section 1983, "a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived Plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." <u>Dwares v. New York</u>, 985 F.2d 94, 98 (2d Cir. 1993) (overruled on other grounds).

In addition, although "a claim for relief under 42 U.S.C. 1983 need only allege that some person acting under color of state law deprived the claimant of a federal right," <u>Green v. Maraio</u>, 722 F.2d 1013, 1016 (2d Cir. 1983), "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." <u>McKinnon v. Patterson</u>, 568 F.2d 930, 934 (2d Cir. 1977). A complaint based on Section 1983 that

3

does not allege the personal involvement of the defendant is "fatally defective on its face." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotations and citations omitted).

A defendant may be personally involved in a constitutional deprivation within the meaning of Section 1983 if he "directly participated in the infraction," or if he is a supervisory official, and (1) failed to remedy the wrong after learning of the violation though a report or appeal; (2) created or continued a custom or policy under which unconstitutional practices occurred, or (3) was grossly negligent in managing subordinates who caused the unlawful condition or event. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (citations omitted).

Plaintiff fails to allege or indicate any personal involvement by Defendant Reilly. Plaintiff does not allege that Reilly directly participated in the alleged incidents or that Reilly is liable as a supervisory official. See id. Accordingly, the Complaint is dismissed and Plaintiff is granted leave to amend the Complaint to cure these defects.

2. Leave To Amend

Rule 15(a) of the Federal Rules of Civil Procedure states that a party shall be given leave to replead when justice so requires. A district court "should not dismiss without granting leave to amend at least once when a liberal reading of the

complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991); see also Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991). Plaintiff is, therefore, GRANTED until January 14, 2008 to file an amended complaint. Failure to file by January 14, 2008 will result in an order dismissing Plaintiff's Complaint with prejudice.

CONCLUSION

Based on the foregoing, it is hereby

ORDERED, that Plaintiff's request to proceed in forma pauperis is GRANTED; and it is further

ORDERED, that the superintendent of the facility in which Plaintiff is incarcerated forward to the Clerk of the Court a certified copy of the prisoner's trust fund account for the six months immediately preceding this order, in accordance with Plaintiff's previously submitted authorization form; and it is further

ORDERED, that the agency holding Plaintiff in custody calculate the amounts specified in 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York; and it is further

ORDERED that the Clerk of the Court shall mail a copy of this Order, together with Plaintiff's authorization, to the superintendent of the facility in which Plaintiff is incarcerated;

and it is further

ORDERED that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular first class mail and by certified mail, return receipt requested.

It is further ORDERED, that Plaintiff's Complaint is DISMISSED, without prejudice. Plaintiff is hereby GRANTED leave to amend his complaint in order to remedy the pleading deficiencies discussed herein, provided that he files it no later than March 1, 2008. If Plaintiff fails to submit an amended complaint by March 1, 2008, the Complaint shall be dismissed with prejudice, and the case will be closed.

SO ORDERED

/S/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
January 11, 2008